UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

ANTHONY GRIFFIN                                                                              PLAINTIFF

v.                                                CIVIL ACTION NO. 1:12CV-P174-M

SOUTHERN HEALTH PARTNERS, INC. *et al.*                          DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Defendant Strode's motion to dismiss or in the alternative for summary judgment (DN 47). Plaintiff has responded to the motion (DN 48). This matter is now ripe for disposition. For the reasons set forth below, the Court will grant Defendant Strode's motion for summary judgment and deny the motion to dismiss as moot.

**I. SUMMARY OF CLAIMS**

The allegations which remain in this action concern allegedly wrongful actions taken against Plaintiff by Defendants Pruitt and Brown in September 2012, and Defendant Strode's alleged negligent supervision of them. According to Plaintiff, Defendant Pruitt, at all times relevant to this action, held the position of Medical Staff Coordinator at the Warren County Regional Jail [WCRJ] and Defendant Brown was a nurse at the WCRJ.

Plaintiff states that on September 7, 2012, he submitted a sick-call slip. He states that the medical staff did not call him about this sick-call slip. However, on September 10, 2012, as a result of this sick-call slip, Plaintiff states that he was put in medical observation "without no knowledge." Plaintiff contends that this "excessive confinement" was ordered by Defendants Pruitt and Brown. Plaintiff states that once he was placed in medical observation "[t]hese two Nurse's [ ] cut the water off" and failed to observe him.

According to Plaintiff the cell in which he was placed was a "Detox-cell." He states that the cell was "stinky." He states that this cell had feces and blood smeared on the floor and walls. According to Plaintiff there were bugs in the cell, and he was "bitten by mosquitos." Plaintiff states that there was a drain in the floor of the cell that contained vomit, "nat's and bugs and blood with water in it." He states that he "laid on a 3" inch concrete slab on the floor next to [this] drain." However, in the first amendment to his complaint, he states that he did have a thin mat on which to lie down. According to Plaintiff, he "had to take a dump two times At 11:30AM And 12:00PM without wiping my behind up until C/O Ron Childers At 12:40pm or approximately about that time turned on the water and gave me toilet paper to wipe my behind and gave me a pencil and a grievance. From that time he cut the water back off and from Mon-Wed I put 3 grievances in." Plaintiff states that while in the detox cell, he "only showered one time." Further, he refused his medications and his food trays because of the unsanitary conditions, but "as the days proceeded I was force to eat and take my medicine." Plaintiff states that he was in this cell from "September 10, 12 Mon. At or Approximately about 10:30AM until Wed. At or about 2:45PM."

Plaintiff continues stating,

> Once I was in this cell I alerted C/O Douglas Miles And C/O Mike Green on 1st And 2nd shift And thru the 3rd shift for the nurse to observe my bowels At or approximately about 11:30AM that I use the restroom. I told C/O Douglas about 3x's and Green about 2 or 3x's but Nurse Brown or Jamie never showed up Mon. At or about 11:30AM to observe nothing. Later on that same Day or early Tues. about 12:40AM C/O Ron Childers and Nurse Eric Willoby observe my bowels but it was to late cause all of the waste was saturated. Those 3 days they didnt observe me. These officials has put punishment on me for me filling out a sick call that was 3 or 4 days old in which they deliberately no they had deficiencies in their med. care system. Once I was I was released from Iso., they still as I got copies didnt Answer my sick calls for my back.

2

Plaintiff alleges various claims against Defendants Pruitt and Brown for placing him in the detox cell and not providing him proper medical care, and four of these claims have been allowed to proceed in this action. The facts and claims regarding the alleged wrongful actions of Defendants Pruitt and Brown are relevant as to Defendant Strode's motion because the only remaining claim in this action as to Defendant Strode is his alleged negligent supervision of Defendants Pruitt and Brown. Plaintiff states that Defendant Strode had knowledge of the "inflicted pain and suffering 9-10-11-12-1012 as I filed and exhausted them grievances in which Mr. Strode knew that this constitutional act was happen and he fail to avert this or act reasonably on this situation." Plaintiff claims that Defendant Strode was "grossly negligent in supervising subordinates who committed the wrongful acts . . . ."

## II. SUMMARY OF ARGUMENTS

Defendant Strode argues that the negligent supervision claim should be dismissed against him because the doctrine of sovereign immunity bars such a claim against him in his official capacity since it is in effect a claim against Warren County. As to the negligent supervision claim against him in his individual capacity, Defendant Strode contends that he is entitled to the protection of qualified immunity.

In the alternative, Defendant Strode requests summary judgment to be granted in his favor. In his motion to dismiss or for summary judgment, Defendant Strode produced a copy of the Health Services Agreement [Agreement] between Warren County, Kentucky and Southern Health Partners, Inc. [SHP]. The Agreement states, "The responsibility of SHP for medical care of an inmate commences with the booking and physical placement of said inmate into the Jail. SHP shall provide health care services for all persons committed to the custody of the Jail . . . ."

3

Further, the Agreement makes clear that SHP is an independent contractor "engaged to provide medical care to inmates at the Jail under the direction of SHP management." Defendant Strode contends that Defendants Pruitt and Brown are not employees of Warren County or the WCRJ and that they are not supervised by him. Defendant Strode argues that he is not liable for the acts of the independent contractor SHP or its employees.

In his response to the motion, Plaintiff mostly re-states the arguments made in his complaint and amendments. As to Defendant Strode, Plaintiff argues that he participated in the alleged wrongful acts because he failed to take action after being informed of the problem. Plaintiff further attempts to differentiate one of the cases relied upon by Defendant Strode, *Yates v. Benningfield*, No. 2012-CA-000154-MR, 2013 WL 781098 (Ky. App. Mar. 1, 2013), by pointing out that he, unlike the plaintiff in the *Yates* case, was not the cause of his physical injuries.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact which requires the denial of a summary judgment motion." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex v. Catrett*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Id.* The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted).

## IV. ANALYSIS

Defendant Strode argues that he does not supervise Defendants Pruitt and Brown; thus he cannot be liable for negligent supervision of them. Defendant Strode has provided the Health Services Agreement between SHP and Warren County that was in effect during September 2012. According to the Agreement, SHP was responsible to "provide for the delivery of all medical and dental services to inmates of Jail." The care was to "be delivered to individuals under the custody and control of County at the Jail . . . ." Further, the Agreement provides that the "parties acknowledge that SHP is an independent contractor engaged to provide medical care to inmates at the Jail under the direction of SHP management. Nothing in this Agreement is intended nor shall be construed to create an agency relationship, an employer/employee relationship, or a joint venture relationship between the parties."

Under Kentucky law, employers are not vicariously liable for the acts of independent contractors. *See Grogan v. United States*, 341 F.2d 39 (6th Cir. 1965) (holding that the government is not responsible to an employee of its independent contractor for injuries caused

by the independent contractor); *Gardner v. Nat'l Dairy Prods. Corp.*, 330 F.2d 507 (6th Cir. 1964) (holding that trucking company hired by a dairy was an independent contractor; thus the dairy was not liable to plaintiff for injuries caused by the trucking company); *Turner v. Lewis*, 282 S.W.2d 624, 625 (Ky. 1955) (stating that "if an employee has the right to control the manner of work and the right to determine the means by which results are accomplished, he is deemed an independent contractor and the employer is not responsible for his negligence"); *City of Winchester v. King*, 266 S.W.2d 343, 345 (Ky. 1954) (recognizing that an independent contractor "undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details" and that an independent contractor "renders service which represents the will of the employer only as to the result of his work and not as to the means by which it is accomplished").

The Agreement between SHP and Warren County clearly states that the relationship with SHP is one of independent contractor. Thus, Defendant Strode cannot be held liable for the alleged negligence of SHP or its employees, and summary judgment will be granted in his favor.

Even assuming there were some type of supervisory relationship between Defendant Strode and Defendants Pruitt and Brown, Plaintiff's claim of negligent supervision fails. Negligent supervision is a recognized tort under Kentucky law. *Smith v. Isaacs*, 777 S.W.2d 912, 914-15 (Ky. 1989); *Turner v. Pendennis Club*, 19 S.W.3d 117, 121 (Ky. Ct. App. 2000). Kentucky has adopted the Restatement (Second) of Agency's definition of the tort of negligent supervision. *Grego v. Meijer, Inc.*, 187 F. Supp. 2d 689, 694 (W.D. Ky. 2001). Accordingly, "an employer may be held liable for negligent supervision only if he or she knew or had reason

to know of the risk that the employment created." *Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003).

Plaintiff has not made any allegation that Defendant Strode knew or should have known that having Defendants Pruitt or Brown working at the WCRJ would pose a risk of harm to Plaintiff. Having failed to do so, summary judgment in favor of Defendant Strode is appropriate.[1] *See Helton v. Am. Gen. Life Ins. Co.*, 4:09-CV-00118-JHM, 2013 WL 2242773 (W.D. Ky. May 21, 2013) (granting summary judgment when there were no allegations that the employer knew or had reason to know of the risk of harm created by the employment situation); *Gordon v. Jones*, 3:08CV-P460-S, 2011 WL 847926 (W.D. Ky. Mar. 8, 2011) (same); *White v. Deghetto*, No. 5:09-CV-139, 2010 WL 5419056 (W.D. Ky. Dec. 23, 2010) (same).

## V. ORDER

For the reasons stated above, Defendant Strode's motion for summary judgment (DN 47) is **GRANTED**. The **Clerk of Court** is **DIRECTED** to terminate Defendant Strode as a party in this action.

The Court having granted the motion for summary judgment, the motion to dismiss (DN 47) is **DENIED as moot**.

Date: June 13, 2013

cc: Plaintiff, *pro se*
  Counsel for Defendants
4414.003

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

---

[1]Additionally, the Court could dismiss the negligent supervision claim under 28 U.S.C. § 1915(e)(2) which allows the Court to dismiss this case at any time the Court determines that it fails to state a claim upon which relief may be granted. *See McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997).