UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**ANTHONY GRIFFIN**                                                                               **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 1:12CV-P174-GNS**

**SOUTHERN HEALTH PARTNERS, INC.** *et al.*                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Jamie Pruitt and Barbara Brown's motion for leave to file a supplemental motion for summary judgment (DN 130) and attached supplemental motion for summary judgment (DN 130-1). Plaintiff has filed a response to both (DN 132) to which Defendants have replied (DNs 134 & 135). These matters are now ripe for disposition.

Turning first to Defendants' motion for leave to file a supplemental motion for summary judgment, Defendants argue that allowing the motion will not prejudice Plaintiff and will promote resolution of Plaintiff's claim. Plaintiff opposes the filing of the motion arguing that Federal Rule of Civil Procedure 15(d) allows supplements to pleadings only if the supplemented matters occurred after the original complaint was filed. Plaintiff argues that the evidence Defendants are seeking to set before the Court did not occur after the original complaint was filed. Defendants reply that their supplemental summary judgment motion is not a pleading subject to Rule 15. Upon consideration of the arguments of the parties, and it being in the interest of judicial economy and without prejudice to Plaintiff, **IT IS ORDERED** that Defendants' motion for leave to file a supplemental motion for summary judgment (DN 130) is **GRANTED**.

As to the substantive merits of Defendants' supplemental motion for summary judgment (DN 130-1), for the reasons set forth below, it will be granted.

## I. SUMMARY OF CLAIMS

After performing initial review of this case, the Court allowed the following four claims involving Plaintiff's incarceration in a medical detox cell at the Warren County Regional Jail (WCRJ) from September 10-12, 2012, to proceed against Defendants Pruitt and Brown in their individual capacities: 1) retaliation; 2) conditions of confinement; 3) due process; and 4) denial of medical treatment for Plaintiff's back pain and hip spasms allegedly resulting from Plaintiff's incarceration in the medical detox cell. Thereafter, Defendants filed a motion for summary judgment. Their motion was granted as to all of the proceeding claims with the exception of the denial of medical treatment claim (DN 117). Defendants have now filed a supplemental motion for summary judgment as to this one remaining claim.

The facts alleged by Plaintiff in his complaint as to this denial of medical treatment claim were not very detailed. He claimed that he suffered "back pain and hip spasms" as a result of lying on a thin mat on the floor in the medical observation detox cell from September 10-12, 2012. He further alleged that after he was released from the detox cell, Defendants did not answer any of his sick-call slips.

A copy of Plaintiff's deposition testimony was filed by Defendants in support of their original motion for summary judgment. Included in the deposition testimony is a line of questioning about Plaintiff's treatment for his back pain and hip spasms. According to Plaintiff's deposition testimony, between the time he was released from the medical detox cell, September 12, 2012, and June 2013, he submitted at least nine or ten sick-call slips. During this time, Plaintiff was given ibuprofen on occasion, but, Plaintiff stated, despite him repeatedly informing Defendants and others that this was not helping his problem, he was given no other treatment. Plaintiff stated that during this time Defendants and other medical personnel at WCRJ repeatedly

informed Plaintiff that he could not be treated by the institution for his back and hip problems. According to Plaintiff, Defendants told him that they could not treat him for his back problem "because we didn't cause the [] injury that was placed up on your back." Eventually, on June 10, 2013, Plaintiff stated that he had an x-ray of his lower back that showed he had a "lower outer split disc." According to Plaintiff, following the x-ray, he was given "another two mattresses" that "helped a little bit." He was allowed to have ibuprofen, which, according to Plaintiff, did not help his problem. Plaintiff stated that he was told that he could get no other treatment unless his family arranged for a private doctor to come to the institution to evaluate and treat him.

## II.  SUMMARY OF ARGUMENTS

Defendants argue that "the objective component of [Plaintiff's] claim is absent." According to Defendants, Plaintiff received adequate treatment for his "subjective complaints of pain and that his complaints were not simply ignored." They state that "Plaintiff's claim that he suffered a 'split disc' is also inconsistent with the actual x-ray examination that was performed." Further, Defendants state that "there was no medical need for alternative treatment" of Plaintiff's condition. Defendants contend that Plaintiff received constitutionally adequate medical care for his complaints of hip and lower back pain. In support of their position, Defendants have included a copy of Plaintiff's medical record and the affidavit of Dr. Ronald Waldridge who oversaw Plaintiff's medical care during the relevant time.

In his response, Plaintiff contends that he was told by Dr. Waldridge back in June 2013 that he "had a lower outer split disk." Plaintiff states that the Affidavit of Dr. Waldridge contradicts his earlier diagnosis. Plaintiff contends that the medical staff "performed below the standard that a person could expect under these circumstances."

### III.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact which requires the denial of a summary judgment motion." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex v. Catrett*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Id.* The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted).

### IV.  ANALYSIS

Plaintiff was a pretrial detainee at the time of the events alleged. As such, the Eighth Amendment's proscription against cruel and unusual punishment does not apply to him. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). However, "[t]he Due Process Clause of the Fourteenth Amendment extends the protection of the Eighth Amendment to pretrial

detainees such as Plaintiff." *Harrell v. Grainger Cnty., Tenn.*, 391 F. App'x 519, 522 (6th Cir. 2010); *Watkins v. City of Battle Creek*, 273 F.3d at 685-86 ("Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners."). "The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishment Clause of the Eighth Amendment, and is made applicable to convicted state prisoners and to pretrial detainees (both federal and state) by the Due Process Clause of the Fourteenth Amendment." *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). "In the context of medical care for prisoners and detainees, it is well established that 'deliberate indifference to a prisoner's [or detainee's] serious illness or injury states a cause of action under § 1983.'" *Weaver v. Shadoan*, 340 F.3d 398, 410 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)) (alteration in original).

An Eighth Amendment claim consists of both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010). The objective component requires that the medical need be sufficiently serious. *Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). This component is contextually driven and is responsive to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. at 8. The subjective component requires that the official's conduct be deliberately indifferent to Plaintiff's needs. *Farmer v. Brennan*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt v. Reynolds*, 974 F.2d at 735. Deliberate indifference is a "state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. at 835.

Not every claim of inadequate medical treatment states an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. at 105.  Neither negligent medical care nor delay in medical care constitutes a constitutional violation without deliberate indifference resulting in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) ("Accidents, mistakes, negligence and medical malpractice are not constitutional violations merely because the victim is a prisoner."). Furthermore, a difference of opinion between the inmate and the prison medical official(s) concerning diagnosis or treatment does not constitute a constitutional violation.  *Estelle v. Gamble*, 429 U.S. at 107; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Defendants have submitted the affidavit of Dr. Ronald Waldridge, the physician who oversaw the medical care provided to Plaintiff during the time in question, in support of their motion.  According to Dr. Waldridge, a review of Plaintiff's medical records reveals that the physician's assistant provided treatment to Plaintiff throughout his stay in the WCRJ, and that the medical staff responded to Plaintiff's sick-call requests.  Dr. Waldridge notes that Plaintiff was provided medication for his complaints of back and hip pain on 11 occasions between September 18, 2012, and June 18, 2013.  According to Dr. Waldridge, Plaintiff's subjective complaints of back and hip pain "are and/or were inconsistent with the objective evidence throughout" the time of his treatment at WCRJ.  Dr. Waldridge states that the x-ray taken of Plaintiff's back on June 10, 2013, "confirmed the objective evidence and did not reveal any condition that would warrant any alteration in treatment as [Plaintiff's] condition was of a chronic nature which did not require any further intervention."  According to Dr. Waldridge, neither he nor his staff ever "recommended any surgical consultation or further alternative treatment(s) for [Plaintiff's] back or hip pain other than those medications prescribed."

6

A review of Plaintiff's medical records included in Defendants' motion reveals that between September 15, 2012, and January 23, 2013, Plaintiff submitted some 20 medical request forms seeking to be seen for medical treatment, some of which included complaints of back and/or hip pain. According to the medical records, Plaintiff was seen by the medical staff in response to every one of his medical requests. As to almost all of the requests, Plaintiff was seen the same date or the day after the request was submitted. For his complaints of pain, the medical records indicate that he was provided Tylenol or ibuprofen. An x-ray was done on June 10, 2013, which showed "anterolisthesis" and tiny "spur formation"; there were no fractures.

According to Plaintiff's original complaint, he alleged that after he was released from the detox cell on September 12, 2012, Defendants did not answer any of his sick-call slips. Plaintiff's medical records clearly do not support Plaintiff's allegation. Even Plaintiff's own deposition testimony does not support this contention. In his deposition, Plaintiff acknowledged that he had been given ibuprofen, but stated that this was not helping and he was not given any other treatment. Additionally, he stated in his deposition testimony that he was eventually sent for an x-ray and was given "another two mattresses" that "helped a little bit."

The crux of Plaintiff's present argument has seemingly now evolved into something different. Plaintiff contends that Dr. Waldridge told him in June 2013, that he had a "lower outer split disk," and the doctor now "contradicts his earlier diagnosis." Plaintiff states that "Medical Staff performed below the standard that a person could expect under these circumstances." However, nothing in the x-ray report indicates that Plaintiff had a "lower outer split disk." Nor is there any indication in the medical record that Plaintiff should have received any treatment other than what he was receiving for his problem.

7

Plaintiff's argument that he should have been receiving a different type of treatment than what WCRJ was providing for him and that the "Medical Staff performed below the standard that a person could expect," creates a difference of opinion as to appropriate treatment or perhaps raises a question of negligent care. As previously noted, however, neither negligent medical care nor delay in medical care constitutes a constitutional violation without deliberate indifference resulting in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) ("Accidents, mistakes, negligence and medical malpractice are not constitutional violations merely because the victim is a prisoner."). Furthermore, a difference of opinion between the inmate and the prison medical official(s) concerning diagnosis or treatment does not constitute a constitutional violation. *Estelle v. Gamble*, 429 U.S. at 107; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

The undisputed material facts in this case do not support deliberate indifference to Plaintiff's complaints of back and hip pain. Defendants have met their burden of demonstrating the absence of a genuine issue of material fact as to the issue of deliberate indifference to Plaintiff's medical needs.

For the reasons stated above, Defendants' supplemental motion for summary judgment (DN 130-1) is **GRANTED**.

Date: April 7, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel for Defendants
4416.003